**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **KEVIN SMITH** | : | |
| | : | |
| *Plaintiff,* | : | **Case No.** |
| v. | : | |
| | : | |
| **GEORGE JUNIOR REPUBLIC** | : | |
| **PREVENTATIVE AFTER CARE** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

<u>**COMPLAINT FOR DISCRIMINATION**</u>
(RETALIATION AND WRONGFUL TERMINATION)

AND NOW comes Plaintiff, Kevin Smith ("Plaintiff"), by and through his attorneys, ACE LAW, LP, and hereby files this Complaint against the Defendant, **PREVENTATIVE AFTER CARE D/BA GEORGE JUNIOR PREVENTATIVE AFTER CARE** ("Defendant") and alleges as follows:

<u>**PARTIES**</u>

1. Plaintiff, has an address of 2245 Kimball St, Philadelphia, PA 19146 was a former employee of Defendant.

2. Defendant is sued as Plaintiff's employer engaged in unlawful employment discrimination. Service may be made upon Defendant at the following address: 233 George Junior Rd., Grove City, PA 16127.

<u>**JURISDICTION AND VENUE**</u>

3. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., including claims for discrimination and retaliation arising from Plaintiff's protected activity and Defendant's unlawful employment practices.

4. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because this action presents federal questions arising under the laws of the United States.

5. This Court additionally has jurisdiction pursuant to 42 U.S.C. § 12117(a), which incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

6. To the extent Plaintiff asserts related state-law retaliation and wrongful termination claims arising from Defendant's retaliatory conduct associated with Plaintiff's pursuit of workers' compensation benefits, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices complained of herein occurred within this judicial district, Plaintiff worked within this district, and Defendant conducted substantial business activities within this district.

## ADMINISTRATIVE EXHAUSTION AND RIGHT TO SUE

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

9. The charge was assigned EEOC Charge Number 530-2026-00761.

10. Plaintiff alleged retaliation on the basis of filing for a workers' compensation claim. .

11. On February 6, 2026, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue.

12. Plaintiff brings this action within ninety (90) days of receiving the Notice of Right to Sue. *See* Exhibit A.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant for approximately nineteen (19) years.

14. Plaintiff began his employment with Defendant on/ or around 2006 and ultimately became a Regional Supervisor responsible for overseeing operations and employees in Delaware County, Pennsylvania.

15. Throughout the overwhelming majority of Plaintiff's employment, Plaintiff maintained satisfactory performance and remained in good standing with Defendant.

16. Plaintiff successfully maintained leadership responsibilities for years and was entrusted with supervisory duties, client oversight, county relations, and program management.

17. Prior to Plaintiff sustaining a work-related injury in 2024, Defendant did not characterize Plaintiff as dishonest, fraudulent, or unfit for continued employment.

18. On or about June 20, 2024, Plaintiff sustained injuries in a motor vehicle accident while performing work duties for Defendant.

19. Following the accident, Plaintiff pursued workers' compensation benefits and medical treatment arising from his injuries.

20. After Plaintiff pursued workers' compensation benefits, Defendant's treatment of Plaintiff materially changed.

21. Following Plaintiff's injury and pursuit of benefits, Defendant began escalating scrutiny of Plaintiff's work performance, documentation, scheduling, and time management in a manner that had not previously occurred during Plaintiff's lengthy employment.

22. On January 17, 2025, Plaintiff underwent a biannual medical examination related to his employment.

23. Defendant thereafter continued monitoring Plaintiff's workers' compensation treatment and medical care.

24. On February 21, 2025, determinations were made disputing the necessity of Plaintiff's continuing treatment.

25. Defendant's increasing scrutiny intensified while Plaintiff's workers' compensation claim remained active and unresolved.

26. On May 8, 2025, Plaintiff underwent an independent medical examination in connection with the workers' compensation matter.

27. Despite Defendant now attempting to portray Plaintiff as a chronically deficient employee, Plaintiff remained employed in a supervisory role, continued carrying client responsibilities, and continued performing services for Defendant.

28. On or about May 28, 2025, Defendant's workers' compensation counsel requested a settlement demand from Plaintiff's counsel regarding the pending workers' compensation claim.

29. Thereafter, Defendant rapidly escalated disciplinary activity against Plaintiff.

30. On June 5, 2025, Plaintiff received a negative annual performance review containing criticisms concerning documentation, time management, and dependability.

31. Upon information and belief, this was the first materially negative evaluation Plaintiff received during his lengthy tenure with Defendant.

32. The alleged deficiencies cited in the June 5, 2025 review closely mirrored issues Defendant later relied upon to justify Plaintiff's termination.

33. On June 10, 2025, Plaintiff attended a SmartCare meeting after briefly arriving late while simultaneously performing client services in the field.

34. Plaintiff was contacted and asked to join the meeting despite actively servicing clients.

35. Plaintiff logged into the meeting and advised participants he was completing a client session and would return.

36. Plaintiff was actively handling client responsibilities and traveling between appointments as part of his supervisory role.

37. Plaintiff's work structure routinely required remote work, field work, travel supervision, and simultaneous electronic documentation.

38. Plaintiff's alleged "fraud" centered on Defendant's assertion Plaintiff could not have simultaneously participated in portions of a Zoom meeting while also documenting client services.

39. Plaintiff disputes Defendant's characterization and maintains he was physically present with the client and performing services.

40. Client documentation and witness testimony confirm Plaintiff's presence and services during the relevant timeframe.

41. Defendant ignored exculpatory evidence supporting Plaintiff's explanation.

42. Defendant also alleged Plaintiff falsified signatures and fraudulently billed for services.

43. Those allegations are false, defamatory, and unsupported by credible evidence.

44. Defendant further relied upon prior alleged documentation and scheduling issues dating back several years in an effort to manufacture a disciplinary record supporting termination.

45. Despite now claiming Plaintiff had longstanding performance problems, Defendant continued employing Plaintiff in supervisory leadership for years and entrusted Plaintiff with substantial responsibility.

46. On June 12, 2025, Defendant internally decided to discipline and terminate Plaintiff.

47. On June 16, 2025, Plaintiff's counsel submitted a workers' compensation settlement demand requested by Defendant's workers' compensation counsel.

48. On June 17, 2025, Plaintiff was called into a Zoom meeting he believed was routine supervision.

49. During that meeting, Plaintiff was accused of fraud and immediately terminated.

50. Plaintiff was not given a meaningful opportunity to respond to the allegations against him.

51. When Plaintiff asked why he wasn't allowed to explain the situation, he was informed there was "no option to refute" the allegations.

52. Plaintiff was immediately locked out of company systems, denied access to emails and files, and stripped of employment access.

53. Following Plaintiff's termination, Defendant denied Plaintiff's unemployment benefits and continued asserting fraud allegations against Plaintiff during related proceedings.

54. Defendant additionally refused to continue certain workers' compensation-related medical payments following Plaintiff's termination.

55. The timing, escalation of scrutiny, sudden disciplinary actions, and reliance upon allegedly pretextual infractions following Plaintiff's workers' compensation activity demonstrate retaliatory motive.

## STATUTORY FRAMEWORK

56. Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., prohibits employers from discriminating against qualified individuals on the basis of disability and requires employers to provide reasonable accommodations for known disabilities.

57. Those standards include prohibitions against: (a) failure to provide reasonable accommodation; (b) failure to engage in the interactive process; (c) discriminatory termination because of disability; and (d) policies or practices that screen out qualified individuals with disabilities.

## CLAIM FOR RELIEF

### COUNT I
### DISABILITY DISCRIMINATION
### Plaintiff vs. Defendant

58.   Plaintiff realleges and incorporates paragraphs 1–27 as if fully set forth herein.

59.   Plaintiff is a qualified individual with a disability as described in the Americans with Disabilities Act ("ADA").

60.   Defendant was aware of Plaintiff's disability and medical restrictions.

61.   Defendant failed to provide reasonable accommodation in violation of ADA standards incorporated into the Rehabilitation Act.

62.   Defendant failed to engage in the interactive process in good faith.

63.   Defendant applied policies and practices that screened Plaintiff out of employment because of his disability.

64.   Defendant terminated Plaintiff because of his disability rather than for any legitimate, non-discriminatory reason.

### COUNT I
### DISCRIMINATION
### Plaintiff vs. Defendant

65.  Plaintiff engaged in protected activity.

66.  Defendant terminated Plaintiff because of that activity.

67.  Defendant's reasons are pretextual.

### COUNT II
### RETALIATION
### Plaintiff vs. Defendant

68.  Defendant terminated Plaintiff without legitimate cause.

69.  Defendant terminated Plaintiff without legitimate cause.

70.  The stated reasons were false and fabricated.

## DAMAGES

71. Plaintiff suffered lost wages, loss of future earnings, emotional distress, reputational harm, and financial hardship.

72. Defendant's conduct was intentional and malicious.

73. Plaintiff is entitled to compensatory and punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff asks the Court to enter judgment in her favor against Defendant and to award her:

a) actual, special, compensatory, incidental, consequential and punitive damages;

b) exemplary damages against Defendants;

c) attorney's fees and costs;

d) such other interest, costs, and fees allowed by the law;

e) such other relief as the Court deems just and equitable.

/s/ Mu'min F. Islam
Mu'min F. Islam, Esq.
***ACE LAW, LP***
7000 Central Parkway, Ste. 1100
Atlanta, GA 30328
muk@myacelaw.com
P: 404-665-3144
F: (404) 800-5138

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **KEVIN SMITH** | : | |
| | : | |
| *Plaintiff,* | : | **Case No.** |
| v. | : | |
| | : | |
| **GEORGE JUNIOR REPUBLIC** | : | |
| **PREVENTATIVE AFTER CARE** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

### <u>VERIFICATION</u>

I, Kevin Smith verify that the statements made in the foregoing *Plaintiff's Complaint* are true and correct to the best of my knowledge, information and belief. I understand that the statements therein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Kevin Smith, Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:_____Philadelphia, PA

_____

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? no
   Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? no
   Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? no
   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? no
   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? No
   If yes, attach an explanation.
   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B.* ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin Smith
2245 Kimball St., Philadelphia, PA 19146

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ACE Law, LP 7000 Central Parkway, Ste. 1100
Atlanta, GA 30328

### DEFENDANTS
George Junior Republic Preventative After Care
233 George Junior Rd., Grove City, PA 16127

County of Residence of First Listed Defendant    Mercer
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| [ ] 1 U.S. Government Plaintiff | [x] 3 Federal Question *(U.S. Government Not a Party)* |
| [ ] 2 U.S. Government Defendant | [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| [ ] 1 Original Proceeding | [ ] 2 Removed from State Court | [ ] 3 Remanded from Appellate Court | [ ] 4 Reinstated or Reopened | [ ] 5 Transferred from Another District *(specify)* | [ ] 6 Multidistrict Litigation - Transfer | [ ] 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disability Act, 42 U.S.C. § 12101 et seq
Brief description of cause:
Discrimination for employee pursuing worker's compensation claims from injury on the job.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
5/7/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____